1  Anne Hiaring Hocking, Cal. Bar No. 88639
   *anne@hiaringsmith.com*
2  Vijay K. Toke, Cal. Bar No. 215079
   *vijay@hiaringsmith.com*
3  Kathy Dong, Cal. Bar No. 267611
   *kathy@hiaringsmith.com*
4
   HIARING + SMITH, LLP
5  101 Lucas Valley Road, Suite 300
   San Rafael, CA 94903
6  Telephone:  (415) 457-2040
   Facsimile:  (415) 457-2822
7
   Attorneys for Plaintiff
8  WESTLAND GIFTWARE, INC.

9
                IN THE UNITED STATES DISTRICT COURT
10
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12  WESTLAND GIFTWARE, INC. a California )  Case No.: 3:11-cv-01307 JSW
    Corporation                          )
13                                        )  **STIPULATED PROTECTIVE ORDER**
                             Plaintiff,  )
14                                        )
          vs.                            )
15                                        )
    PRODUCT DESIGN CORPORATION a          )
16  California Corporation,  MICHAEL      )
    DOWDALL, an individual, JAMES         )
17  BRADSHAW, an individual and G C & S CO.)
    (TRANSPACIFIC INC.) dba PACIFIC       )
18  TRADING an Oklahoma Corporation, and  )
    DOES 1 – 100.                         )
19                                        )
                           Defendants.   )
20  Defendants.                           )
    _____)
21                                        )
    AND RELATED COUNTERCLAIMS AND         )
22  CROSSCLAIMS                           )
                                          )
23  _____)

24        1.      PURPOSES AND LIMITATIONS

25        Disclosure and discovery activity in this action are likely to involve production of

26  confidential, proprietary, or private information for which special protection from public

27  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

28  Accordingly, the parties hereby stipulate to and petition the court to enter the following

1  Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

2  protections on all disclosures or responses to discovery and that the protection it affords from

3  public disclosure and use extends only to the limited information or items that are entitled to

4  confidential treatment under the applicable legal principles.  The parties further acknowledge, as

5  set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file

6  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

7  followed and the standards that will be applied when a party seeks permission from the Court to

8  file material under seal.

9      2.    <u>DEFINITIONS</u>

10      2.1    **Challenging Party**:  A Party or Non-Party that challenges the designation

11  of information or items under this Order.

12      2.2    **"CONFIDENTIAL" Information or Items**: Information (regardless of

13  how it is generated, stored, or maintained) or tangible things that qualify for protection under

14  Federal Rule of Civil Procedure 26(c).

15      2.3    **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**:

16  Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure

17  of which to another Party or Non-Party would create a substantial risk of serious harm that could

18  not be avoided by less restrictive means.

19      2.4    **Counsel (without qualifier)**: Outside Counsel of Record and In-House

20  Counsel (as well as their support staff).

21      2.5    **Designating Party**: A Party or Non-Party that designates information or

22  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

24      2.6    **Disclosure or Discovery Material**: All items or information, regardless of

25  the medium or manner in which it is generated, stored, or maintained (including, among other

26  things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

27  or responses to discovery in this matter.

28

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW    2

2.7     **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     **In-House Counsel**: Attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    **Outside Counsel of Record**: attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    **Party**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    3

1   all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

2   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3   However, the protections conferred by this Stipulation and Order do not cover the following

4   information: (a) any information that is in the public domain at the time of disclosure to a

5   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

6   a result of publication not involving a violation of this Order, including becoming part of the

7   public record through trial or otherwise; and (b) any information known to the Receiving Party

8   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

9   obtained the information lawfully and under no obligation of confidentiality to the Designating

10  Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

11      4.    DURATION

12      Even after final disposition of this litigation, the confidentiality obligations imposed by

13  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

14  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

15  claims and defenses in this action, with or without prejudice; and (2) final judgment or entry of

16  stipulated consent decree herein after the completion and exhaustion of all appeals, rehearings,

17  remands, trials, or reviews of this action, including the time limits for filing any motions or

18  applications for extension of time pursuant to applicable law.

19      5.    DESIGNATING PROTECTED MATERIAL

20      5.1    **Exercise of Restraint and Care in Designating Material for Protection.**

21  Each Party or Non-Party that designates information or items for protection under this Order

22  must take care to limit any such designation to specific material that qualifies under the

23  appropriate standards.  The Designating Party must designate for protection only those parts of

24  material, documents, items, or oral or written communications that qualify – so that other

25  portions of the material, documents, items, or communications for which protection is not

26  warranted are not swept unjustifiably within the ambit of this Order.

27      Mass, indiscriminate, or routinized designations are prohibited.  Designations that

28  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    4

1  unnecessarily encumber or retard the case development process or to impose unnecessary

2  expenses and burdens on other parties) expose the Designating Party to potential sanctions.

3  If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection, Designating Party must promptly notify

5  all other Parties that it is withdrawing the mistaken designation.

6  **5.2  Manner and Timing of Designations.**  Except as otherwise provided in

7  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

8  ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be

9  clearly so designated before the material is disclosed or produced.

10  Designation in conformity with this Order requires:

11  (a)  **Designation of Information in Documentary Form.**  For

12  information in documentary form (e.g., paper or electronic documents, but excluding transcripts

13  of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each

15  page that contains protected material.  If only a portion or portions of the material on a page

16  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

17  (e.g., by making appropriate markings in the margins).

18  A Party or Non-Party that makes original documents or materials available for

19  inspection need not designate them for protection until after the inspecting Party has indicated

20  which material it would like copied and produced.   During the inspection and before the

21  designation, all of the material made available for inspection shall be deemed "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the inspecting Party has identified the

23  documents it wants copied and produced, the Producing Party must determine which documents,

24  or portions thereof, qualify for protection under this Order. Then, before producing the specified

25  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

26  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains

27  Protected Material.  If only a portion or portions of the material on a page qualifies for

28

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    5

1 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

2 making appropriate markings in the margins).

3                (b)     **Designation of Deposition Testimony.** For testimony given in

4 deposition or in other pretrial or trial proceedings, deposition, hearing, or other proceeding

5 testimony may be designated as Protected Material by oral designation on the record, in which

6 case the designated portions of the deposition transcript shall be separately bound and stamped

7 with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8 ONLY" as appropriate on each page.

9            Parties shall give the other parties notice if they reasonably expect a

10 deposition, hearing or other proceeding to include Protected Material so that the other parties can

11 ensure that only authorized individuals who have signed the "Acknowledgment and Agreement

12 to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit

13 at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

14 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15            To the extent such notice is not possible, where testimony is designated at a

16 deposition, the designating party may exclude from the deposition, while such designated

17 testimony is being given, all persons other than those to whom the Protected Material may be

18 disclosed under paragraph 7 of this order.

19            Any party may mark Protected Material as a deposition exhibit and examine any

20 witness thereon, provided that the deposition witness is one to whom the exhibit may be

21 disclosed under paragraph 7 of this Protective Order and the exhibit and related transcript pages

22 receive the same confidentiality designation as the original material.

23            Transcripts containing Protected Material shall have an obvious legend on the title

24 page that the transcript contains Protected Material, and the title page shall be followed by a list

25 of all pages (including line numbers as appropriate) that have been designated as Protected

26 Material and the level of protection being asserted by the Designating Party. The Designating

27 Party shall inform the court reporter of these requirements. Any transcript including all Exhibits

28 thereto shall be treated as if it had been designated "HIGHLY CONFIDENTIAL –

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW           6

1 ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed, until after the period of

2 subsequent designation set forth in subsection 5.4(a).

3             (c)     **Designation of Information in Some Form Other than**

4 **Documentary.** For information produced in some form other than documentary and for any

5 other tangible items, that the Producing Party affix in a prominent place on the exterior of the

6 container or containers in which the information or item is stored the legend "CONFIDENTIAL"

7 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of

8 the information or item warrant protection, the Producing Party, to the extent practicable, shall

9 identify the protected portion(s).

10         5.3     **Inadvertent Failures to Designate.** If timely corrected, an inadvertent

11 failure to designate qualified information or items does not, standing alone, waive the

12 designating Party's right to secure protection under this Order for such material. Upon timely

13 correction of a designation, the Receiving Party must make reasonable efforts to assure that the

14 material is treated in accordance with the provisions of this Order.

15         5.4     **Subsequent Designation.** Documents and computer files may be

16 designated as Protected Material after they have been produced without having been so

17 designated, and deposition testimony may be designated as Protected Material after the

18 testimony has been given, without having been so designated, as follows:

19             (a)     The designating party must provide written notice of the new

20 designation to all parties (and the person who produced the documents or other materials if not a

21 party) within twenty (20) days of production of the documents or delivery of the deposition

22 transcript. Persons to whom the designating party has disclosed such documents, computer files,

23 or testimony must be advised in writing of the new designation by the designating party. Upon

24 receipt of such written notice, the notified person shall be obligated to promptly notify all other

25 persons to whom such notified person has disclosed such information of the new designation;

26             (b)     The new designation applies retroactively as of the date and time

27 of the original production or date of testimony;

28

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW         7

1     (c)  All Parties and all Non-Parties producing documents or other

2 materials in connection with this lawsuit shall maintain the confidentiality of all documents and

3 other materials produced under the standards for Protected Materials established in this

4 Protective Order for at least twenty (20) days after production (or date of delivery of a deposition

5 transcript for a witness's testimony on a particular date), by the conclusion of which time any

6 notice of designation pursuant to subparagraph 5.4(a) will have to have been provided by the

7 designating party;

8     (d)  The Designating Party shall provide all persons whom it notifies of

9 the new designation with another copy of the documents, computer files, or deposition testimony

10 that bears the new designation within twenty (20) days of the date of the written notice of the

11 new designation described in paragraph 5.4(a); and

12     (e)  The Designating Party making the new designation, all counsel of

13 record, and counsel for any Non-Party shall make all reasonable efforts to retrieve all copies of

14 the undesignated documents, computer files, or testimony from the persons to whom such

15 undesignated copies have been disclosed.  If the receipt of such undesignated copies is a party to

16 this Protective Order or a signatory of the Acknowledgement Form described below and attached

17 as Exhibit A, then that recipient shall have an affirmative duty to return to the Designating Party

18 all such undesignated copies which that party received from the Producing Party otherwise.

19    6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

20    6.1  **Timing of Challenges.**  Any Party or Non-Party may challenge a

21 designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

22 confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

23 economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does

24 not waive its right to challenge a confidentiality designation by electing not to mount a challenge

25 promptly after the original designation is disclosed.

26    6.2  **Meet and Confer.**  The Challenging Party shall initiate the dispute

27 resolution process by providing written notice of each designation it is challenging and

28 describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been

1   made, the written notice must recite that the challenge to confidentiality is being made in

2   accordance with this specific paragraph of the Protective Order.  The parties shall attempt to

3   resolve each challenge in good faith and must begin the process by conferring directly (in voice

4   to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of

5   the date of service of notice.  In conferring, the Challenging Party must explain the basis for its

6   belief that the confidentiality designation was not proper and must give the Designating Party an

7   opportunity to review the designated material, to reconsider the circumstances, and, if no change

8   in designation is offered, to explain the basis for the chosen designation.  A Challenging Party

9   may proceed to the next stage of the challenge process only if it has engaged in this meet and

10  confer process first or establishes that the Designating Party is unwilling to participate in the

11  meet and confer process in a timely manner.

12          6.3     **Judicial Intervention.**  If the parties cannot resolve a challenge without

13  court intervention, the Designating Party shall file and serve a motion to retain confidentiality

14  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within

15  twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties

16  agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

17  Each such motion must be accompanied by a competent declaration affirming that the movant

18  has complied with the meet and confer requirements imposed in the preceding paragraph.

19  Failure by the Designating Party to make such a motion including the required declaration within

20  twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the

21  confidentiality designation for each challenged designation.  In addition, the Challenging Party

22  may file a motion challenging a confidentiality designation at any time if there is good cause for

23  doing so, including a challenge to the designation of a deposition transcript or any portions

24  thereof.  Any motion brought pursuant to this provision must be accompanied by a competent

25  declaration affirming that the movant has complied with the meet and confer requirements

26  imposed by the preceding paragraph.

27          The burden of persuasion in any such challenge proceeding shall be on the

28  Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass

1 │ or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

2 │ to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing

3 │ to file a motion to retain confidentiality as described above, all parties shall continue to afford the

4 │ material in question the level of protection to which it is entitled under the Producing Party's

5 │ designation until the court rules on the challenge.

6 │        7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7 │        7.1    **Basic Principles.**  A Receiving Party may use Protected Material that is

8 │ disclosed or produced by another Party or by a Non-Party in connection with this case only for

9 │ prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

10 │ disclosed only to the categories of persons and under the conditions described in this Order.

11 │ When the litigation has been terminated, a Receiving Party must comply with the provisions of

12 │ section 14 below (FINAL DISPOSITION).

13 │        Protected Material must be stored and maintained by a Receiving Party at a

14 │ location and in a secure manner that ensures that access is limited to the persons authorized

15 │ under this Order.

16 │        7.2    **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless

17 │ otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

18 │ Party may disclose any information or item designated "CONFIDENTIAL" only to:

19 │        (a)    the Receiving Party's Outside Counsel of Record in this action, as

20 │ well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

21 │ disclose the information for this litigation and who have signed the "Acknowledgment and

22 │ Agreement to Be Bound" that is attached hereto as Exhibit A;

23 │        (b)    the officers, directors, and employees (including In-House

24 │ Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation

25 │ and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26 │        (c)    Experts (as defined in this Order) of the Receiving Party to whom

27 │ disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

28 │ and Agreement to Be Bound" (Exhibit A);

1              (d)       the Court and its personnel;

2              (e)       court reporters and their staff, professional jury or trial consultants,

3    mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

4    litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5              (f)       during their depositions, witnesses in the action to whom

6    disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to

7    Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

8    Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

9    Material must be separately bound by the court reporter and may not be disclosed to anyone

10   except as permitted under this Stipulated Protective Order.

11             (g)       the author or recipient of a document containing the information or

12   a custodian or other person who otherwise possessed or knew the information.

13             7.3       **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

14   **ONLY" Information or Items.**

15             (a)       Unless otherwise ordered by the court or permitted in writing by the

16   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

18             1)        the Receiving Party's Outside Counsel of Record in this action, as

19   well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

20   disclose the information for this litigation and who have signed the "Acknowledgment and

21   Agreement to Be Bound" that is attached hereto as Exhibit A;

22             2)        Experts of the Receiving Party (1) to whom disclosure is

23   reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and

24   Agreement to Be Bound" (Exhibit A);

25             3)        the court and its personnel;

26             4)        court reporters and their staff, professional jury or trial consultants,

27   and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

28   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    11

1          5)      the author or recipient of a document containing the information or

2    a custodian or other person who otherwise possessed or knew the information.

3          (b)      Pro se litigants are bound by all the terms of this Stipulated Protective

4    Order.  Pro se litigants may only use information or items designated "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY" for purposes of the above-captioned

6    litigation.  Pro se litigants agree not to disclosure such information or items designated

7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any third parties, except as so

8    provided in this Stipulated Protective Order.  Pro se litigants agree not to use any competitive

9    information gleaned from such information or items designated "CONFIDENTIAL" or

10   "HIGHLY CONFIEDENTIAL – ATTORNEYS' EYES ONLY" in their own businesses or to

11   their own personal or financial advantage.  Once pro se litigants retain counsel, the Receiving

12   Party must return to the Designating Party all physical embodiments of such information or items

13   (including paper, compact discs, dvds, etc.) and delete all electronic embodiments of such

14   information or items (e-mails, electronic-files, etc.) designated "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY."  Moreover, once pro se litigants retain counsel, the terms set forth

16   in subsection 7.3(a) specifically apply to them, such that the Receiving Party will no longer have

17   access to information or items designed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18   ONLY."

19          8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

20                  OTHER LITIGATION

21          If a Party or Non-Party is served with a subpoena or a court order issued in other

22   litigation that compels disclosure of any information or items designated in this action as

23   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party

24   or Non-Party must:

25          (a)      promptly notify in writing the Designating Party.  Such notification

26   shall include a copy of the subpoena or court order;

27          (b)      promptly notify in writing the party who caused the subpoena or

28   order to issue in the other litigation that some or all of the material covered by the subpoena or

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                12

1    order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated

2    Protective Order; and

3                        (c)      cooperate with respect to all reasonable procedures sought to be

4    pursued by the Designating Party whose Protected Material may be affected.  If the Designating

5    Party timely seeks a protective order, the Party served with the subpoena or court order shall not

6    produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from

8    which the subpoena or order issued, unless the Party has obtained the Designating Party's

9    permission.  The Designating Party shall bear the burden and expense of seeking protection in

10   that court of its confidential material – and nothing in these provisions should be construed as

11   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

12   another court.

13          9.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

14                   IN THIS LITIGATION

15                        (a)      The terms of this Order are applicable to information produced by

16   a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties

18   in connection with this litigation is protected by the remedies and relief provided by this Order.

19   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

20   additional protections.

21                        (b)      In the event that a Party is required, by a valid discovery request,

22   to produce a Non-Party's confidential information in its possession, and the Party is subject to an

23   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

24   Party shall:

25                               1.      promptly notify in writing the Requesting Party and the

26   Non-Party that some or all of the information requested is subject to a confidentiality agreement

27   with a Non-Party;

28

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                        13

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.      NO WAIVER

This Protective Order is entered into solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  The production of materials designated as Protected Material pursuant to this Protective Order shall in no way constitute: (a) a waiver of any right to object to

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    14

1    the production or use of the same information on other grounds; (b) a general or limited waiver

2    of the attorney-client, attorney work product or any other privilege or legal protection; or (c) a

3    waiver of any right to object to the production of or use of other documents in this litigation or in

4    any other litigation.  By agreeing to the terms of this Protective Order, a party shall not be

5    deemed to have waived any objection to the production of admissibility of any document.  The

6    placing of any confidentiality designation on the face of a document shall have no bearing on the

7    question of the authenticity or admissibility of that document at trial.

8         12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

9                <u>PROTECTED MATERIAL</u>

10          When a Producing Party gives notice to Receiving Parties that certain inadvertently

11   produced material is subject to a claim of privilege or other protection, the obligations of the

12   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

13   provision is not intended to modify whatever procedure may be established in an e-discovery

14   order that provides for production without prior privilege review.

15          In the event that any privileged materials are inadvertently produced, such production

16   shall not be deemed a waiver of the attorney-client privilege, work-product doctrine, or any other

17   privilege or immunity.  Upon notification of such inadvertent disclosure, the Receiving Party

18   shall immediately make every effort to prevent further disclosure of the materials, collect, and

19   return any copies of the privileged materials and inform any person(s) having received or

20   reviewed such materials as to the privileged natured of the materials.

21        13.    <u>MISCELLANOUS</u>

22          13.1    **Right to Further Relief.**  Nothing in this Order abridges the right of any

23   person to seek its modification by the court in the future.

24          13.2    **Right to Assert Other Objections.**  By stipulating to the entry of this

25   Protective Order no Party waives any right it otherwise would have to object to disclosing or

26   producing any information or item on any ground not addressed in this Stipulated Protective

27   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

28   the material covered by this Protective Order.

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    15

1       13.3    **Filing Protected Material.**  Without written permission from the

2    Designating Party or a court order secured after appropriate notice to all interested persons, a

3    Party may not file in the public record in this action any Protected Material.  A Party that seeks to

4    file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected

5    Material may only be filed under seal pursuant to a court order authorizing the sealing of the

6    specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue

7    only upon a request establishing that the Protected Material at issue is privileged, protectable as a

8    trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to

9    file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court,

10   then the Receiving Party may file the information in the public record pursuant to Civil Local

11   Rule 79-5(e) unless otherwise instructed by the Court.

12       14.    <u>FINAL DISPOSITION</u>.  Within sixty (60) days after the final disposition of this

13   action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the

14   Producing Party or destroy such material.  As used in this subdivision, "all Protected Material"

15   includes all copies, abstracts, compilations, summaries, and any other format reproducing or

16   capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

17   the Receiving Party must submit a written certification to the Producing Party (and, if not the

18   same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies

19   (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)

20   affirms that the Receiving Party has not retained any copies, abstracts, compilations,

21   summaries or any other format reproducing or capturing any of the Protected Material.

22   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

23   motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

24   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

25   work product, even if such materials contain Protected Material.  Any such archival copies that

26   contain or constitute Protected Material remain subject to this Protective Order as set forth in

27   Section 4 (DURATION).

28

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    16

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4

Dated: November 15, 2011                    /s/ Vijay K. Toke
5                                           Vijay K. Toke
                                            Attorney for Plaintiff Westland Giftware
6

7

8

Dated: November 15, 2011                    /s/ Julie Turner
9                                           Julie Turner
                                            Attorney for Defendants Product Design
10                                          Corporation and Michael Dowdall

11

12

13    Dated: November 15, 2011               /s/ Peter M. Hart
                                            Peter M. Hart
14                                          Attorney for Defendant Pacific Trading

15

16

17    Dated: November 15, 2011               /s/ Lawrence Grable
                                            Lawrence Grable
18                                          Attorney for Defendant Pacific Trading

19

20

21

Dated: November 15, 2011                    /s/ James Bradshaw
22                                          James Bradshaw
                                            Defendant in Pro Per
23

24

25

26    ///

27    ///

28    ///

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    17

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3

4

5

6

7

8   Dated: _____November 28_____, 2011

9                                          The Honorable Jeffrey S. White
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    18

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of [formal name of the case and the number and initials assigned to it by the court].  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby  appoint _____[print  or  type  full  name] of _____[print  or  type  full  address  and  telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:   _____

City and State where sworn and signed:   _____

Printed name: _____
                              [printed name]

Signature:        _____
                              [signature]

STIPULATED PROTECTIVE ORDER
Case No. C 3:11-cv-01307 JSW                    19